UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HUISACHE HOLDINGS, LLC** | § § § | |
|    Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 5:23-CV-01506 |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA** | § § § § | |
|    Defendant | § | |

### DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, and files this FIRST AMENDED ANSWER in response to PLAINTIFF'S ORIGINAL PETITION (the "Petition"), filed in State Court prior to removal, and for such would show the following:

### SPECIFIC DENIALS

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Defendant contends that discovery will be conducted pursuant to the Federal Rules of Civil Procedure, the local rules of this Court and the Scheduling Order entered by the Court.

### II.
### PARTIES

2.      Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of the Petition.

3.      Defendant admits the allegations contained in Paragraph 2 of the Petition but clarifies that Travelers' principal place of business and home office are not in the State of Texas.

**EXHIBIT "2"**

4. No response is required to Paragraph 4 of the Petition.

### III.
### JURISDICTION

5. Defendant admits that Plaintiff seeks the damages set forth in Paragraph 6 of the Petition but denies that Plaintiff is entitled to damages in this case.

6. Defendant admits that the Court has jurisdiction but denies that Plaintiff's causes of action arose out of any conduct of Defendant as alleged in Paragraph 6 of the Petition.

### IV.
### VENUE

7. Defendant admits that the Western District of Texas, San Antonio Division, is the proper venue.

### V.
### NOTICE AND CONDITIONS PRECEDENT

8. Defendant lacks knowledge or information regarding whether Plaintiff received a copy of the Notice as alleged in Paragraph 8 of the Petition. Defendant admits that Huisache Holdings, LLC / Casey Lange is carbon copied on the 542A Notice Letter.

9. Defendant denies the allegations contained in paragraph 9 of the Petition.

10. Defendant denies the allegations contained in paragraph 10 of the Petition.

### VI.
### FACTS

11. Defendant denies that there was a "severe weather event" as alleged in paragraph 11 of the Petition. Defendant admits the balance of paragraph 11 of the Petition.

   A. <u>The Property and The Policy</u>.

12. Upon information and belief, Defendant admits the allegations contained in paragraph 12 of the Petition.

13. Defendant denies that the Policy number is correctly stated in paragraph 13 of the Petition but admits that Policy 680-1D059721-21-42 was effective between April 9, 2021 and April 9, 2022.

### B. The Storm and Travelers' Failure to Properly Handle the Claim.

14. Defendant admits that there was hail activity on or about May 3, 2021. Defendant denies the balance of Paragraph 14 of the Petition.

15. Defendant lacks information or knowledge to form a belief regarding the allegation contained in paragraph 15 of the Petition that "wind, hail, flying debris, and/or other wind related forces caused direct physical loss to the Property's roofing system, including the tile roofing system, and exterior" for the reason that no time period is set. Defendant also lacks information or knowledge sufficient to form a belief as to the truth of allegation that "Prior to the Storm, the Property's roofing system was performing as intended." It is Defendant's position that the roof sustained minor hail damage, that there was minimal damage caused by wind and that Defendant paid the covered damage with proper reduction of depreciation and deductible. Defendant denies all other allegations contained in paragraph 15 of the Petition, which are inconsistent with the foregoing assertions.

16. Defendant adds that when the claim was reported, it was assigned Claim# FDP6705 and Defendant further admits that it began its investigation upon receipt of the claim as alleged in paragraph 16 of the Petition. Defendant denies that the Plaintiff promptly reported the claim.

17. Defendant denies the allegation contained in paragraph 17 of the Petition, as it is vague. Defendant admits that Anthony Taylor was assigned as the adjuster. Defendant further admits that it retained EFI Global, Inc. to inspect the roof as alleged in paragraph 17 of the Petition as alleged in Paragraph 16 of the Petition.

18. Defendant admits that Anthony Taylor was an employee, and therefore, an agent. Defendant admits that it retained EFI as alleged in paragraph 18. Defendant states that the

3

Plaintiff's allegation that "Travelers is liable for their acts and omissions" is a legal assertion and not an allegation. To the extent that a response is required, Defendant denies that part of paragraph 18 of the Petition.

19. Regarding paragraph 19 of the Petition, Defendant admits that it sent a letter on December 21, 2021 advising the insured that its investigation is "ongoing" as it did not have all the information it needed. Defendant denies the implication that there was undue delay.

20. Regarding the allegations contained in Paragraph 20 of the Petition, the written documents speak for themselves.

21. Defendant admits the allegation contained in paragraph 21 of the Petition.

22. Defendant denies the allegation contained in paragraph 22 of the Petition.

23. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegation that " . . . increased wind speeds caused the roofing tiles to life . . ." as it vague and nonsensical. Defendant asserts that the EFI report is the best evidence of what it sets forth.

24. Defendant lacks sufficient information or belief to form an opinion as to the truth of the allegations contained in paragraph 24 for the reason that "high wind speeds" is vague and ambiguous.

C. The Claim and Defendant's Failures to Properly Handle the Claim.

25. Defendant admits that the date of the EFI report is March 10, 2023 and further admits that it made the payment for the covered damages on or about September 12, 2022. Defendant denies that its payment was a "partial payment" as alleged in paragraph 25 of the Petition.

26. Defendant admits that a letter was sent by Anthony Taylor on September 12, 2022 describing the payment being made as alleged in Paragraph 26 of the Petition but denies all other allegations contained in Paragraph 26 of the Petition.

27. Defendant denies the allegation contained in paragraph 27 of the Petition that "This estimate did not reflect the proper repair cost to repair and/or replace the damages at the Property as a result of the subject Storm." Defendant admits the balance of the allegations contained in paragraph 27 of the Petition.

28. Defendant denies the allegations contained in paragraph 28 of the Petition.

29. Defendant admits that the Plaintiff retained Public Adjuster, Terry Masucci, but denies all other allegations contained in paragraph 29 of the Petition.

30. Defendant denies the allegations contained in paragraph 30 of the Petition.

31. Defendant denies the allegations contained in paragraph 31 of the Petition.

32. Defendant admits that the Plaintiff presented a claim under the Policy for damages caused by a storm, as alleged in paragraph 32 of the Petition. Defendant denies "Travelers . . . wrongfully denied Plaintiff's Claim," as alleged in paragraph 32 of the Petition.

33. Defendant denies the allegations contained in paragraph 33 of the Petition, including subparts a) – c).

34. Defendant denies the allegations contained in paragraph 34 of the Petition.

35. Defendant denies the allegations contained in paragraph 35 of the Petition

36. Defendant denies the allegations contained in paragraph 36 of the Petition.

37. Defendant denies the allegations contained in paragraph 37 of the Petition.

38. Defendant denies the allegations contained in paragraph 38 of the Petition.

39. Defendant denies the allegations contained in paragraph 39 of the Petition.

40. Defendant denies the allegations contained in paragraph 40 of the Petition.

41. Defendant denies the allegations contained in paragraph 41 of the Petition.

42. Defendant denies the allegations contained in paragraph 42 of the Petition.

43. Defendant denies the allegations contained in paragraph 43 of the Petition.

44. Defendant denies the allegations contained in paragraph 44 of the Petition.

45. Defendant denies the allegations contained in paragraph 45 of the Petition.

46. Defendant denies the allegations contained in paragraph 46 of the Petition.

47. Defendant denies the allegations contained in paragraph 47 of the Petition.

48. Defendant denies the allegations contained in paragraph 48 of the Petition.

49. Defendant denies the allegations contained in paragraph 49 of the Petition.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

50. Defendant denies the allegations contained in paragraph 50 of the Petition.

51. Defendant incorporates its responses set forth above in paragraphs 10 – 50.

    **A.** **Breach of Contract.**

52. Defendant admits that the Policy was a valid, binding, and enforceable contract. Defendant denies the allegation in paragraph 52 that Defendant breached the contract in any way.

53. Defendant denies the allegations contained in paragraph 53 of the Petition.

54. Defendant denies the allegations contained in paragraph 54 of the Petition.

    **B.** **Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

55. Defendant denies the allegations contained in paragraph 55 of the Petition.

56. Defendant denies the allegations contained in paragraph 56 of the Petition.

57. Defendant denies the allegations contained in paragraph 57 of the Petition.

58. Defendant denies the allegations contained in paragraph 58 of the Petition.

59. Defendant denies the allegations contained in paragraph 59 of the Petition.

60. Defendant denies the allegations contained in paragraph 60 of the Petition.

61. Defendant denies the allegations contained in paragraph 61 of the Petition.

### C. Prompt Payment of Claims Violation.

62. Defendant admits that the claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant notice as alleged in paragraph 62 of the Petition. Defendant denies all other allegations contained in paragraph 62 of the Petition, including subparts a) – c).

63. Defendant denies the allegations contained in paragraph 63 of the Petition.

### D. Breach of the Duty of Good Faith and Fair Dealing.

64. Defendant denies the allegations contained in paragraph 64 of the Petition.

65. Defendant denies the allegations contained in paragraph 65 of the Petition.

## VIII. KNOWLEDGE

66. Defendant denies the allegations contained in paragraph 66 of the Petition.

## IX. DAMAGES

67. Defendant denies the allegations contained in paragraph 67 of the Petition.

68. Defendant denies the allegations contained in paragraph 68 of the Petition.

69. Defendant denies the allegations contained in paragraph 69 of the Petition.

70. Defendant denies the allegations contained in paragraph 70 of the Petition.

71. Defendant denies the allegations contained in paragraph 71 of the Petition.

72. Defendant denies the allegations contained in paragraph 72 of the Petition.

73. Defendant denies the allegations contained in paragraph 73 of the Petition.

74. Defendant denies the allegations contained in paragraph 74 of the Petition.

## X. JURY DEMAND

75. Defendant admits that a jury trial has been requested.

## XI.
## PRAYER

76.     Defendant denies the allegations contained in the Plaintiff's Prayer.

## XII.
## AFFIRMATIVE DEFENSES

77.     Defendant seeks all credits and offsets for which it is entitled, including a payment made in the amount of $21,743.94.

78.     Defendant asserts that the Policy by endorsement contains a 2% deductible which is $29,061.30 in this case.

79.     Defendant asserts that some, or all of the damages alleged, are excluded or limited under the Policy. The Policy provides the following potentially applicable exclusions:

> **B.    EXCLUSIONS**
>
> 1.  We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
>     …
>
>     **h.    Neglect**
>     Neglect of an insured to use reasonable means to save and preserve property from further damage at and after the time of loss.
>
> 2.  We will not pay for loss or damage caused by or resulting from any of the following:
>
>     d.  (1) Wear and tear;
>         (2) Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
>     …
>
> 3.  We will not pay for loss or damage caused by or resulting from any of the following under

>> Paragraphs a. through c. But if an excluded cause of loss that is listed in Paragraphs a. and b. below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.
>
> …
>
> c. Faulty, inadequate or defective:
>
> …
>
>> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>> (3) Materials used in repair, construction, renovation or remodeling; or
>> (4) Maintenance;
>
> of part or all of any property on or off the described premises.
>
> …

80. To the extent the Plaintiff seeks punitive or exemplary damages, (see paragraph 71 of the Petition), such should be denied, as Defendant states that the facts do not give rise to exemplary damages in this case, nor is there a pleading justifying the imposition of exemplary damages.

81. Strictly in the alternative, if the Court allows the submission of a question to the jury, Defendant seeks all remedies provided by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, the requirement of clear and convincing evidence, the requirement of unanimity of the jury, and all caps in damages asserted in Chapter 41 of the Texas Civil Practice & Remedies Code.

82. Plaintiff failed to promptly report the claim as required under the Policy.

WHEREFORE, PREMISES CONSIDERED, Defendant requests Plaintiff recover nothing from this suit; that Defendant recover costs of Court; and all other relief to which Defendant may be entitled.

                           Respectfully submitted,

                           **BROCK ♦ GUERRA**
                           **STRANDMO DIMALINE JONES, P.C.**
                           17339 Redland Road
                           San Antonio, Texas 78247-2304
                           (210) 979-0100 Telephone
                           (210) 979-7810 Facsimile

By: _[signature]_
                           ROBERT F. SCHEIHING
                           State Bar No. 17736350
                           bscheihing@brock.law

                           ATTORNEYS FOR DEFENDANT,
                           TRAVELERS CASUALTY INSURANCE
                           COMPANY OF AMERICA

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing document has been e-filed with the Court and sent via email to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 13th day of February 2024:

| | |
|---|---|
| William T. Jones, Jr. | Email:  bjones@greentriallaw.com |
| Timothy A. Bearb |          tbearb@greentriallaw.com |
| Green Klein Wood & Jones | |
| 408 E. 7th Street | |
| Houston, TX 77007 | |
| *Attorneys for Plaintiff* | |

                                                 _[signature]_
                                             ROBERT F. SCHEIHING